Bradley R. Duncan
Cassandra L. Kennan
Hugh R. McCullough
Davis Wright Tremaine LLP
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

BANNER BANK,

           Plaintiff,

v.

SUPERIOR PROPANE, LLC, DEAN A. SOUTH, and GARY HEBENER,

           Defendants.

Civil No.

## COMPLAINT

For its complaint for damages, Plaintiff Banner Bank alleges as follows:

### Parties

1. Plaintiff Banner Bank ("Banner") is a Washington banking corporation, qualified to do business in the State of Montana.

COMPLAINT - 1
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2. Superior Propane, LLC ("Superior") is a limited liability company organized under Montana law, with its principal place of business in Helena, Montana. Superior is in the business of distributing propane to retail and wholesale customers.

3. Dean South is an owner and principal of Superior, is the president or former president of Texas Propane Energy Company, and is a resident of the State of Montana.

4. Gary Hebener is an owner and principal of Superior, and is a resident of the State of Montana.

### Other Persons

5. Sheryl South is employed by Superior as a bookkeeper, is the daughter-in-law of Dean South, and is a resident of the State of Montana.

6. Texas Propane Energy Company ("Texas Propane") is a corporation organized under Texas law, with its principal place of business in Seguin, Texas. Texas Propane is in the business of distributing propane to retail customers.

7. Galusha, Higgins & Galusha, PC ("Galusha") is a professional corporation organized under Montana law, with its principal place of business in Helena, Montana. Galusha is in the business of providing accounting services to businesses and individuals.

COMPLAINT - 2
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the Defendants because they have transacted business in the State of Washington in connection with the subject matter of this Complaint and because they have caused harm to the Plaintiff in the State of Washington.

10. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (c).

## Facts

11. Pursuant to a Business Loan Agreement (Asset Based), dated January 26, 2009 (the "Loan Agreement"), Banner agreed to extend the terms of a preexisting line of credit facility to March 15, 2009. At the time of the extension, the amount outstanding under the line of credit facility was approximately $7,000,000, with a total availability of $7,500,000. A copy of the Loan Agreement is attached hereto as Exhibit "A".

12. The line of credit facility to which the Loan Agreement related was further evidenced by a Promissory Note, dated August 8, 2008, executed by Superior and delivered to Banner, a copy of which is attached hereto as

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit "B" (the "Note"). Banner and Superior, with the acknowledgment and agreement of Dean South and Hebener, subsequently extended the maturity date of the Note to October 15, 2009.

13.   The obligations evidenced by the Note and the Loan Agreement were secured, and remain secured, by substantially all of Superior's tangible and intangible assets, including its receivables, inventory and equipment. Banner's security interests in Superior's receivables and inventory have priority over the interests of all other known creditors. In making the line of credit available, Banner relied on the value of Superior's receivables and inventory as a source of repayment.

14.   Pursuant to the terms of the Loan Agreement, Superior was required to deliver, and did deliver, a variety of financial reports to Banner describing Superior's assets and operations. Banner relied on these reports to monitor Superior's health and the value of its collateral.

15.   In addition, Superior was required to deliver, and did deliver, yearly audited financial statements depicting Superior's assets, liabilities, and results of operations. Banner's obligation to make new advances to Superior was subject to satisfaction of certain minimum measures of financial health, as reflected in Superior's audited financials statements. A copy of Superior's

COMPLAINT - 4
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

audited financial statements for the fiscal year ended December 31, 2008 is attached hereto as Exhibit "C".

16. Finally, Superior was required to deliver, and did deliver, "Borrowing Base Certificates" to Banner on a weekly basis. Each Borrowing Base Certificate was prepared by Superior and included a certification that the information it contained was true, complete, and correct. The purpose of each Borrowing Base Certificate was to establish, as of a particular date, the aggregate amount of receivables owed to Superior by its customers, and the aggregate value of the inventory available to Superior. These values, in turn, established the parameters for application of a "formula" (set forth in the Loan Agreement) to determine the total amount of credit that Banner would be willing to extend to Superior at any point in time under the line of credit. If the information contained in a Borrowing Base Certificate suggested that enough assets were available to Superior—and thus to Banner, given Banner's security interest—Superior would be "in formula" and in a position to draw additional funds under the line of credit. If the information contained in a Borrowing Base Certificate suggested that there were not enough assets available to Superior—and thus to Banner—to support the amount Banner had extended to Superior under the line of credit, Superior would be "out of formula," and would be required to make a payment to Banner in an amount

COMPLAINT - 5
DWT 14100486v2 0058243-000153

sufficient to bring Superior back "into formula." Copies of the Borrowing Base Certificates that Superior certified and submitted to Banner as of October 19, October 26, November 2, and November 9, 2009, are attached as Exhibit "F".

17.  Superior failed to pay to Banner the full amount outstanding under the line of credit on October 15, 2009, the date this amount was required to be paid in full. This failure constituted a default under the Note. This default has not been cured.

18.  Upon investigation by Banner, it has become clear that the Borrowing Base Certificates submitted by Superior to Banner, together with Superior's audited financial statements and certain other forms of financial information submitted by Superior to Banner, were materially inaccurate.

19.  The 2008 financial statements, prepared by Galusha, do not accurately depict, among other things, Superior's relationship with Texas Propane, a corporation owned and controlled by Dean South. When Banner reviewed Superior's accounts receivable (now comprising the bulk of Banner's collateral), it discovered that Texas Propane has effectively been receiving free shipments of propane from Superior, with an aggregate value in excess of $3 million, for at least the past year. Banner also discovered that accounts receivable from 2008 and earlier had not been tracked appropriately,

COMPLAINT - 6
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

creating tremendous confusion over what was owed to whom. Random errors left quarterly and year-end payroll reports out of balance. Licensing renewals were not tracked. Asset and debt supporting schedules were not available.

20. Each time that Superior received a disbursement under the line of credit, each time that it obtained a renewal, extension, or modification of the line of credit, and at all times when any indebtedness under the line of credit was outstanding, Superior represented and warranted to Banner that those financial statements "truly and completely disclose [Superior's] financial condition as of the date of the statement, and there has been no material change in [Superior's] financial condition subsequent to the date of the most recent financial statement supplied to [Banner]." Banner extended credit to Superior in reliance on those (now known to be false) representations.

21. The Borrowing Base Certificates, including those attached hereto as Exhibit F, included inaccurate, intentionally-inflated "new sales" information; they reflected falsified "discount" and "adjustment" information; and they included inventory values that were dramatically in excess of the value of the inventory actually in Superior's possession. Superior intentionally manipulated the Borrowing Base Certificates for the purpose of misleading Banner as to the value and status of Superior's assets and new sales, with the goal of creating an appearance that Superior was "in formula"

COMPLAINT - 7
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

when it was not. By doing so, Superior was able to mislead Banner and avoid payment demands under the Loan Agreement and Note, and continue to use cash for operations that properly belonged to Banner.

22. Neither the financial statements nor the Borrowing Base Certificates delivered to Banner accurately describe Texas Propane's accumulated debt to Superior or the true state of Superior's finances. Banner relied on the accuracy of those representations to extend credit to Superior. Because of these materially misleading reports, Banner was induced to extend new credit and to refrain from accelerating existing indebtedness, to Banner's detriment.

23. Pursuant to a Commercial Guaranty dated February 9, 2007 (the "South Guaranty"), Dean South guaranteed to Banner the "full and punctual payment and satisfaction" of all indebtedness owed by Superior to Banner at any time for any purpose. Under the Guaranty, "[South's] liability is unlimited and [South's] obligations are continuing." A copy of the South Guaranty is attached as Exhibit "D".

24. Pursuant to a Commercial Guaranty dated February 9, 2007 (the "Hebener Guaranty"), Hebener guaranteed to Banner the "full and punctual payment and satisfaction" of all indebtedness owed by Superior to Banner at any time for any purpose. Under the Guaranty, "[Hebener's] liability is

COMPLAINT - 8
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

unlimited and [Hebener's] obligations are continuing." A copy of the Hebener Guaranty is attached as Exhibit "E".

25. Upon information and belief, Dean South and Sheryl South, who controlled Superior's day-to-day operations and accounting at all relevant times, were intimately involved in the development of the inaccurate and misleading financial information delivered to Banner, including by means of the inaccurate Borrowing Base Certificates.

26. Dean South appears to have been Texas Propane's president until recently. Upon information and belief, Dean South effectively siphoned money from Superior to Texas Propane and concealed his actions from Banner (and perhaps Dean South's fellow equity owners in Superior), causing substantial damage to Banner by inducing Banner to extend new credit and forbear from exercising remedies with respect to existing indebtedness. Texas Propane has received free shipments of propane in transfers intended to, and with the obvious effect of, hindering, delaying, or defrauding creditors.

27. Along with this action, Banner has also commenced or will soon commence an action against Sheryl South, Texas Propane, and Galusha in the United States District Court for the District of Montana seeking damages and other relief for fraudulent transfers to Texas Propane, for negligent

COMPLAINT - 9
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

misrepresentations by Sheryl South and Superior, for accounting malpractice and negligence by Galusha, and for the unjust enrichment of Texas Propane.

## FIRST CAUSE OF ACTION (CONTRACT)
## JUDGMENT ON NOTE

28. Banner incorporates and alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph.

29. Superior's failure to pay the full amount outstanding under the Note on October 15, 2009, constituted an Event of Default under that instrument.

30. Since October 15, 2009, interest on the balance outstanding under the Note at any given time has accrued at the rate of 18 percent per annum. Because Superior has failed to pay the amount owing when due, Banner is entitled to recover, among other things, late charges, interest, and reasonable attorneys' fees incurred in collecting amounts owed under the Note.

31. As of March 5, 2010, the total principal and accrued interest owing under the Note exceeded $3 million. Banner is entitled to a judgment against Superior for the amount outstanding under the Note, plus interest accrued at the default rate through the date of judgment, together with reasonable attorneys' fees and other charges and costs provided for in the Note, the amount of which shall be proven at trial.

COMPLAINT - 10
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## SECOND CAUSE OF ACTION (CONTRACT)
## JUDGMENT ON SOUTH GUARANTY

32. Banner incorporates and alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph.

33. Because Superior owes Banner the amounts described in paragraphs 29 through 31 above, and those amounts remain unpaid despite the maturity of the Note, Banner is entitled to recover those amounts against Dean South under the South Guaranty.

34. Banner is entitled to a judgment against Dean South under the South Guaranty for the amount presently outstanding under the Note, plus interest accrued at the default rate under the Note through the date of judgment, together with reasonable attorneys' fees and other charges and costs provided for in the Note or the South Guaranty, the amount of which shall be proven at trial.

## THIRD CAUSE OF ACTION (CONTRACT)
## JUDGMENT ON HEBENER GUARANTY

35. Banner incorporates and alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph.

36. Because Superior owes to Banner the amounts described in paragraphs 29 through 31 above, and those amounts remain unpaid despite

COMPLAINT - 11
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the maturity of the Note, Banner is entitled to recover those amounts against Hebener under the Hebener Guaranty.

37.  Banner is entitled to a judgment against Hebener under the Hebener Guaranty for the amount presently outstanding under the Note, plus interest accrued at the default rate under the Note through the date of judgment, together with reasonable attorneys' fees and other charges and costs provided for in the Note or the Hebener Guaranty, the amount of which shall be proven at trial.

## FOURTH CAUSE OF ACTION (TORT)
## FRAUD BY DEAN SOUTH AND SUPERIOR

38.  Banner incorporates and alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph.

39.  Banner's investigation of the records of Superior revealed the debt owed by Texas Propane, an entity controlled by Dean South. That debt did not appear in Superior's ordinary bookkeeping system, maintained by Dean South and Sheryl South, and was not identified specifically in the audited financial statements prepared by Galusha. The transfers appear to have been a mechanism used by Dean South for transferring wealth out of Superior to Texas Propane, an entity that Dean South controlled or in which he held a significant economic interest.

COMPLAINT - 12
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

40. Dean South concealed, and caused Superior to conceal, the transfers from Banner by not including the transfers in any document provided to Banner (specifically, the financial statements for 2008 and 2009 and the Borrowing Base Certificates in 2009), and thereby induced Banner to issue additional credit and to forbear from exercising remedies with respect to Superior's existing indebtedness to Banner.

41. Banner is entitled to judgment against Dean South and Superior, jointly and severally, for all direct, indirect, and consequential damages suffered by Banner as a result of the fraud of Dean South and Superior.

## FIFTH CAUSE OF ACTION (TORT) NEGLIGENT MISREPRESENTATIONS BY DEAN SOUTH AND SUPERIOR

42. Banner incorporates and alleges the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph.

43. Superior and Dean South assumed a duty to represent accurately the state of Superior's financial health and the value of Banner's collateral. The representations made by Superior and Dean South to Banner were repeatedly false when made. Among other things, the Borrowing Base Certificates showed that Superior was "in formula" and eligible for new loans throughout 2008 and much of 2009, when in fact it was not, and Superior's financial statements did not in fact "truly and completely" disclose Superior's

COMPLAINT - 13
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

financial condition. Superior and Dean South did not exercise reasonable care to ensure that their representations were accurate.

44. Banner is entitled to judgment against Dean South and Superior, jointly and severally, for all direct, indirect, and consequential damages suffered by Banner as a result of the negligent misrepresentations of Dean South and Superior.

## **PRAYER FOR RELIEF**

For all of the foregoing reasons, Banner prays that it be awarded judgment in this matter as follows:

A. Against Superior, under the Note, in the amount due and owing under the Note, which as of March 5, 2010, exceeded $3 million, plus interest accrued at the default rate through the date of judgment, reasonable attorneys' fees, and other charges and costs provided for in the Note, the amount of which shall be proven at trial.

B. Against Dean South, under the South Guaranty, in the amount due and owing under the Note, which as of March 5, 2010, exceeded $3 million, plus interest accrued at the default rate provided for in the Note through the date of judgment, together with reasonable attorneys' fees and other charges and costs provided for in the Note or the South Guaranty, the amount of which shall be proven at trial.

COMPLAINT - 14
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

C. Against Hebener, under the Hebener Guaranty, in the amount due and owing under the Note, which as of March 5, 2010, exceeded $3 million, plus interest accrued at the default rate provided for in the Note through the date of judgment, together with reasonable attorneys' fees and other charges and costs provided for in the Note or the Hebener Guaranty, the amount of which shall be proven at trial.

D. Against Dean South and Superior, jointly and severally, for fraud, in an amount to be proven at trial, and for such other relief as principles of equity may require.

E. Against Dean South and Superior, jointly and severally, for negligent misrepresentations, in an amount to be proven at trial, and for such other relief as principles of equity may require.

DATED this 8th day of March, 2010.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Banner Bank

By *s/ Bradley R. Duncan*
    Bradley R. Duncan, WSBA # 36436
    Cassandra L. Kennan, WSBA # 22845
    Hugh R. McCullough, WSBA # 41453

COMPLAINT - 15
DWT 14100486v2 0058243-000153

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700