UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BANNER BANK,                              )
                                          )   NO. **CV-10-061-LRS**
            Plaintiff,                    )
                                          )   **ORDER DENYING**
                                          )   **DEFENDANTS' MOTION TO**
      v.                                  )   **DISMISS OR CHANGE VENUE**
                                          )
SUPERIOR PROPANE, LLC,                    )
DEAN A. SOUTH and GARY                    )
HEBENER,                                  )
                                          )
            Defendants.                   )
_____  )

**BEFORE THE COURT** is the Defendants' Motion To Dismiss Or To

Change Venue (Ct. Rec. 6).  The motion is heard without oral argument.

      This is a diversity action in which contract and tort claims are alleged.  It is

alleged that Defendants defaulted on loans they had with Plaintiff, and that

Defendants engaged in fraud or negligent misrepresentations in procuring and

maintaining the loans.

      Plaintiff Banner Bank is a Washington corporation.  Defendants are

residents of Montana.  Defendants contend the Eastern District of Washington is

an improper venue and request the action be dismissed pursuant to Fed. R. Civ. P.

12(b)(3). Even assuming it is a proper venue, Defendant's contend a 28 U.S.C.

Section 1404(a) convenience transfer to the District of Montana is warranted.


**I.  PROPER VENUE**

      Plaintiff contends venue is proper in the Eastern District of Washington

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE -  1**

because this is a district in which a "substantial part of the events or omissions" on which the claims are based occurred. 28 U.S.C. Section 1391(a)(2). Although the recitation of "Facts" in Plaintiff's Complaint (Ct. Rec. 1at pp. 3-10) never specifically identifies the Eastern District of Washington as the locale where business with the Defendants was transacted, the Complaint does allege personal jurisdiction over the Defendants on the basis that Defendants "transacted business in the State of Washington in connection with the subject matter of this Complaint and because they have caused harm to Plaintiff in the State of Washington." (Ct. Rec. 1 at p. 3, Paragraph 9).

The "events or omissions" on which a plaintiff's claims are based may occur in several districts. Section 1391(a)(2) does not require that a majority of the "events or omissions" occurred in the district where suit is filed, nor that the events there predominate. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003). The "substantiality" requirement is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994). Most courts look to the entire sequence of events underlying the claims. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). In a contract action, the relevant factors are where the negotiations took place, where the contract was signed, and where performance or breach occurred. In a tort action, the relevant factors are where the parties acted or where the injuries occurred. *Jenkins Brick Co.*, 321 F.3d at 1371. The focus is on relevant activities of the defendant, not the plaintiff. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

In his Affidavit (Ct. Rec. 8), Defendant Hebener asserts his "belief that all documents signed by Superior or its agents were signed in the State of Montana or in any case, not in Washington." Hebener says he does not believe representatives

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE - 2**

of Superior conducted any "transactions" with Banner in the State of Washington. Even if it is true that Superior or its agents did not sign any documents in the State of Washington, that does not mean "transactions" did not occur in Washington, and more importantly, that other "events or omissions" did not occur here which are substantial enough to establish proper venue pursuant to 28 U.S.C. Section 1391(a)(2). Mr. Hebener does not deny that he engaged in face to face contract negotiations with Banner Bank's Rob Dietz in Spokane. Defendants do not deny the statements of Mr. Dietz that Superior Propane employees communicated with him by phone, fax and e-mail while he was in his Spokane office, and that at his Spokane office, he received financial reports, financial statements, and "Borrowing Base Certificates" from Superior related to the subject loans. Defendants do not deny the loans were managed from Banner Bank's office in Spokane, that disbursements to Superior were made from that office, and payments by Superior were received by that office.

Significantly, a number of the loan documents contain forum selection clauses specifying venue is to be in "the courts of Spokane County, State of Washington." According to these clauses, "[i]f there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Spokane County, State of Washington." Consistent therewith, these documents specify Washington as the governing law to the extent not preempted by federal law and indicate they (the documents) have been accepted by the "Lender" in the State of Washington. (February 16, 2006 "Business Loan Agreement," Ex. A to Ct. Rec. 11, p. 16; February 16, 2006"Commercial Guaranty" documents, Ex. B to Ct. Rec. 11, p. 21and p. 24; February 16, 2006 "Promissory Note," Ex. C to Ct. Rec. 11 at p. 28). Other documents, while not containing the Washington forum selection clause, nevertheless specify the governing law as Washington law and that the documents were accepted by the "Lender" in the State of Washington. (November

**ORDER DENYING MOTION TO
DISMISS OR CHANGE VENUE - 3**

9, 2007 "Promissory Note[s]," Ex. D to Ct. Rec. 11 at p. 31, p. 34 and p. 35; November 9, 2007 "Commercial Guaranty" documents,  Ex. E to Ct. Rec. 11 at p. 54 and p. 58; "Business Loan Agreement" dated January 26, 2008, Ex. A to Ct. Rec. 1 at p. 21; August 8, 2008 "Promissory Note," Ex. D to Ct. Rec. 11 at p. 37). A "Commercial Security Agreement" dated February 16, 2006, contains the Washington venue provision.  (Ex. E to Ct. Rec. 11 at p. 43).  That agreement, as well as a separate "Commercial Security Agreement" dated November 9, 2007, contain "Governing Law" provisions specifying that "[w]ith respect to procedural matters related to the perfection and enforcement of Lender's rights against the Collateral, this Agreement will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of Montana. "In all other respects," however, the agreements "will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Washington without regard to its conflict of law provisions." Moreover, the agreements specify "the loan transaction that is evidenced by the Note and this Agreement has been applied for, considered, approved and made, and all necessary loan documents have been accepted by Lender in the State of Washington." (Ex. E to Ct. Rec. 11 at p. 43 and p. 48).  "Commercial Guaranty" documents executed by Defendants Hebener and Dean A. South in conjunction with the November 9, 2007 promissory notes contain "Governing Law" provisions which specify "[t]his Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Washington without regard to conflicts of law provisions."  (Ex. F to Ct. Rec. 11 at p. 54 and p. 58).  A "Change In Terms Of Agreement" dated February 9, 2007, contains both the Washington "Choice of Venue" and "Governing Law" provisions.  (Ex. F to Ct. Rec. 11 at p. 63), as do "Commercial Guaranty" documents dated February 9, 2007 and executed by Defendants Hebener and

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE -  4**

South.  (Ex. D to Ct. Rec. 1 at pp. 44-45; Ex. E to Ct. Rec. 1 at pp. 48-49).

Parties may by contract designate a forum in which any litigation is to take place.  If the contract also contains a choice of law provision, the forum selection clause is construed under the law specified in the choice of law provision.  *Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007).  In Washington, forum selection clauses are prima facie valid.  *Kysar v. Lambert*, 76 Wn.App. 470, 484-85, 887 P.2d 431 (1995).  Enforcement of such clauses "serves the salutary purpose of enhancing contractual predictability." *Voicelink Data Servs., Inc. v. Datapulse, Inc.*, 86 Wn.App. 613, 617, 937 P.2d 1158 (1997).  A party arguing that a forum selection clause is unfair or unreasonable bears a heavy burden of showing that trial in the chosen forum would be so inconvenient as to deprive the party of a meaningful day in court, and absent evidence of fraud, undue influence, or unfair bargaining power, courts are reluctant to invalidate forum selection clauses as they increase contractual predictability.  *Bank of America, N.A. v. Miller*, 108 Wn.App. 745, 748, 33 P.3d 91 (2001).  A party challenging a forum selection clause must present evidence to justify non-enforcement.  *Voicelink*, 86 Wn.App. at 618.

Defendants do not challenge the forum selection clauses in the loan documents.  Indeed, they do not even address those clauses.  A broad reading of the clauses would lead one to reasonably include the United States District Court for the Eastern District of Washington is one of the courts of Spokane County, State of Washington."  Since the tort claims alleged in the Complaint relate to rights and duties under the contracts, it is reasonable to conclude the forum selection clauses and governing law clauses apply with equal force to them. *Manetti-Farrow, Inc. v. Gucci America*, 858 F.2d 509, 514 (9th Cir. 1988).

Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. Section 1391(a)(2) because this is a judicial district in which a substantial part of

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE -  5**

the events or omissions giving rise to the claims occurred.  Contract negotiations occurred in this district.  Performance of contractual obligations by Defendants was to occur in this district and any breach of the same occurred in this district in that the loans were managed from Banner Bank's office in Spokane.  Any tort-related injuries to Banner Bank occurred in the Eastern District of Washington.  The forum selection and governing law clauses in the various loan documents support the conclusion that the Eastern District of Washington is a judicial district in which it was to be expected that a substantial part of the events or omissions giving rise to the claims would occur.  Moreover, the forum selection clauses appear to be valid and enforceable as a contractual matter, making the Eastern District of Washington the proper venue for adjudication of Plaintiff's claims.

## II. CONVENIENCE TRANSFER

28 U.S.C. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A district where the action "might have been brought" is one having subject matter jurisdiction over the controversy, where defendants are subject to personal jurisdiction, and where venue is proper.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 1089-90 (1960).  Plaintiff does not dispute that the District of Montana is a district where the captioned action "might have been brought."

A plaintiff's choice of forum is accorded substantial weight in proceedings under Section 1404(a) and courts generally will not order a transfer unless the "convenience" and "justice" factors strongly favor venue elsewhere.  *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).  Because Plaintiff's choice of forum is entitled to deference, the Defendants have the burden of showing that "the convenience of the parties and the witnesses" and

**ORDER DENYING MOTION TO
DISMISS OR CHANGE VENUE -  6**

1    the "interest of justice" requires transfer to another district. *Commodity Futures*

2    *Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). A transfer will not

3    be ordered if the result is merely to shift the inconvenience from one party to

4    another party. A transfer should only be ordered when the transferee forum is

5    clearly more convenient. *Decker Coal Co. v. Commonwealth Edison Co.*, 805

6    F.2d 834, 843 (9th Cir. 1986). Among the factors considered under Section

7    1404(a) are: 1) convenience of witnesses; 2) judicial economy (avoidance of

8    duplicative litigation); 3) relative ease of access to proof; 4) availability of

9    compulsory process to secure witness attendance; 5) relative means of the parties;

10   6) relative docket congestion; and 7) local interest in having localized

11   controversies decided at home. *Id*. Additional factors are (1) the location where

12   the relevant agreements were negotiated and executed; (2) the state that is most

13   familiar with the governing law; (3) the plaintiff's choice of forum; (4) the

14   respective parties' contacts with the forum; (5) the contacts relating to plaintiff's

15   cause of action in the chosen forum; and (6) differences in the cost of litigation in

16   the two forums. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.

17   2000). Forum selection clauses, although a factor for the court to consider, are

18   not controlling in determining whether or not a transfer should be granted.

19   Determination of party and witness "convenience," and "interest of justice" is

20   committed to the court's discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

21   22, 29-30, 108 S.Ct. 2239 (1988).

22        While some witnesses are located in Montana, there are an equal number of

23   important witnesses located in Washington, as well as in Idaho (Hebener) and

24   Texas. The testimony of the Montana witnesses does not appear to be any more

25   significant than the testimony from the other witnesses. The court cannot

26   conclude the "convenience of witnesses" factor favors a transfer to in Montana.

27        Defendants contend the ability of the Eastern District of Washington to

28   **ORDER DENYING MOTION TO**
     **DISMISS OR CHANGE VENUE - 7**

subpoena certain out-of-state non-party witnesses for trial in this district, particularly those located in Montana, is problematic. A trial subpoena must issue from the court for the district where the trial is held and may be served within the district of the issuing court, outside that district but within 100 miles of the place specified for trial, and within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the trial. Fed. R. Civ. P. 45(a)(2)(A) and (b)(2)(A), (B), and (C). Initially, the court notes that with regard to some of these non-party witnesses, it is not clear their testimony will be needed at trial. In his Affidavit, Mr. Hebener says the individuals who worked at Superior Propane's office in Helena, Montana "may have information related to the case" and that a certain individual in Great Falls "may be called as a witness." Additionally, a need for compulsory process arises when a non-party witness is unwilling to testify at trial. At this juncture, there is no indication that any of the non-party witnesses would be unwilling to testify at a trial in Spokane, particularly if the Defendants deemed their testimony important enough to provide them with the necessary travel accommodations. If any of the non-party witnesses continue to be employees of Defendant Superior Propane, LLC, it is assumed that since they are within the control of Superior, they would appear voluntarily at a trial in Spokane. Perpetuation depositions, including video depositions, would be another option. Fed. R. Civ. P. 32(a).[1] The court concludes this factor- availability of compulsory process to secure witness attendance- is neutral and neither weighs in favor of transfer to Montana or retention of venue in the Eastern District of Washington.

On April 22, 2010, Plaintiff Banner Bank commenced a diversity action

---

[1] The depositions of the non-party witnesses can be taken in the districts in which they are located, pursuant to subpoena issued by the district court where the deposition is to be taken. Fed. R. Civ. P. 45(a)(2)(B).

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE - 8**

(CV-10-039-DWM) in U.S. District Court of Montana against Sheryl South, Texas Propane Energy Company, and the accounting firm of Galusha, Higgins & Galusha. This individual and these business entities are identified as "other persons" in the Complaint filed in the Eastern District of Washington captioned action on March 8, 2010 (Ct. Rec. 1 at Paragraphs 5, 6 and 7). The Montana lawsuit is referred to in the Complaint at Paragraph 27: "Along with this action, Banner has also commenced . . . an action against Sheryl South, Texas Propane, and Galusha in the United States District Court for the District of Montana seeking damages and other relief for fraudulent transfers to Texas Propane, for negligent misrepresentations by Sheryl South and Superior, for accounting malpractice and negligence by Galusha, and for the unjust enrichment of Texas Propane." Defendants in the Eastern District of Washington captioned action assert a transfer to Montana will avoid duplicative litigation, effect judicial economy, and prevent waste of time and money.

The Eastern District of Washington and the Montana actions are clearly related in that they arise from common alleged facts. Both actions allege identical tort causes of action based on common alleged facts (fraud and negligent misrepresentation), but against different defendants. The accounting malpractice claim in the Montana action is distinct, although, as noted, Galusha is mentioned in the Complaint filed in the Eastern District of Washington. Plaintiff indicates it chose not to sue Sheryl South, Texas Propane and Galusha in the Eastern District of Washington because of concern whether this court would have personal jurisdiction over them. It appears that concern is legitimate because of the possibility their contacts with the Eastern District of Washington are too attenuated to support personal jurisdiction. Plaintiff asserts the parties in the two actions can cooperate on discovery and other issues to avoid unnecessary or duplicative costs. Nonetheless, as indicated, it is also true there is no dispute that

**ORDER DENYING MOTION TO
DISMISS OR CHANGE VENUE -  9**

1    the Eastern District of Washington action could have been commenced in the

2    District of Montana because subject matter jurisdiction, personal jurisdiction, and

3    venue requirements are met in Montana.  Ideally, there would be but a single

4    action tried in one district.  The court concludes the judicial economy factor favors

5    transfer to the District of Montana.

6        Ultimately, however, that factor does not outweigh the other factors which

7    favor maintaining venue in the Eastern District of Washington, chief among them

8    the forum-selection and governing law provisions in the pertinent loan documents,

9    and the significant contacts relating to the captioned action which exist in the

10   Eastern District of Washington.[2]  Maintaining venue in the Eastern District of

11   Washington is not so difficult and inconvenient for Defendants that they will be

12   deprived of their day in court.  On the other hand, transferring the action to

13   Montana would merely shift the inconvenience to Plaintiff.  The District of

14   Montana is not clearly a more convenient forum.

15   //

16   //

17   //

18   //

19   //

20   //

21   _____

22       [2] In addition to the contacts in Eastern District of Washington specifically
23   relating to the contract and tort causes of action alleged by Plaintiff, the Defendant
     Superior Propane has other contacts with this forum.  It does not dispute that it is
24   licensed to do business in the State of Washington and is registered to do business
     with the Washington State Department of Revenue, said registration identifying a
25   business location in Spokane.  It does not dispute that it sold and delivered
26   propane to customers in Washington and until last year, had a terminal in Yakima
27   which it staffed with 1 to 2 employees.

28

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE -  10**

1    **III.  CONCLUSION**

2           Based on the foregoing, Defendants' Motion To Dismiss Or To Change

3    Venue (Ct. Rec. 6) is **DENIED**.

4           **IT IS SO ORDERED.**  The District Court Executive is directed to enter

5    this order and to provide copies to counsel of record.

6           **DATED** this ___28th___ day of May, 2010.

7

8                                         ***s/Lonny R. Suko***

                            _____

9                                         LONNY R. SUKO
                            Chief United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION TO**
**DISMISS OR CHANGE VENUE -  11**