UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BANNER BANK,

    Plaintiff,

v.

SUPERIOR PROPANE, LLC, DEAN A. SOUTH and GARY HEBENER,

    Defendants.

NO. **CV-10-061-LRS**

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**

**BEFORE THE COURT** is Defendant Dean A. South's "Motion For Protective Order" (Ct. Rec. 29). The motion is heard without oral argument.

    Defendant South has stipulated to entry of judgment against him with regard to his personal guaranty of a promissory note executed by Defendant Superior Propane, LLC, ("Superior"), in favor of Plaintiff Banner Bank (Second Cause of Action). (Ct. Rec. 21). In conjunction therewith, Plaintiff stipulated to dismiss, without prejudice, the causes of action alleged against South for fraud (Fourth Cause of Action) and negligent misrepresentation (Fifth Cause of Action). (Ct. Rec. 22). As a result, all causes of action alleged against South have been resolved. Superior, however, remains a defendant in the action pursuant to the causes of action alleged against it for default on the aforementioned promissory note (First Cause of Action), and for fraud and negligent misrepresentation (Fourth and Fifth Causes of Action). The alleged basis for the fraud and negligent misrepresentation causes of action is that South did not reveal to Plaintiff a debt

**ORDER DENYING MOTION FOR PROTECTIVE ORDER -**     1

owed by Texas Propane Energy Company ("Texas Propane") to Superior, and did not reveal certain transfers of Superior's assets to Texas Propane, thereby "inducing [Plaintiff] to extend new credit and forbear from exercising remedies with respect to existing indebtedness." (Complaint, Ct. Rec. 1, at p. 9). It is alleged that Texas Propane is "an entity that Dean South controlled or in which he held a significant economic interest." (*Id*. at p. 12).

Currently pending in the District of Montana is an action by Plaintiff against Texas Propane for fraud and unjust enrichment based on the aforementioned alleged transfers of wealth from Superior to Texas Propane (C-10-34-H-DWM). Although South is not named as a defendant, the complaint in that action repeats the allegations of fraud against him contained in the Complaint filed in the captioned matter. (Ex. A to Ct. Rec. 33 at p. 14). Additionally, cross-claims and third-party claims have been asserted against South in the Montana action alleging that he negligently, "or otherwise," caused Plaintiff's injuries (Ex. B to Ct. Rec. 33 at p. 58), and that he "effectively syphoned money from Superior Propane, LLC, to Texas Propane Energy Company and concealed his action from the Plaintiff and fellow equity owners . . . causing substantial damage . . . ." (Ex C to Ct. Rec. 33 at p. 64).

In the captioned action, Plaintiff seeks to depose South in aid of executing upon the stipulated judgment obtained against him regarding his personal guaranty of the promissory note executed by Superior in favor of Plaintiff. Fed. R. Civ. P. 69(a)(2). South contends he cannot testify at a deposition because he holds an ownership interest in Texas Propane, formerly held an ownership interest in Superior, and "any testimony involving [his] assets and the acquisition of the same due to his operation of those businesses, even if seemingly unrelated to any

**ORDER DENYING MOTION**
**FOR PROTECTIVE ORDER -**          2

criminal liability at present, could very well be construed to constitute a waiver of his 5th Amendment privilege." According to South, "[d]etails directly relating to [his] income and assets would include how he acquired those assets, which also includes matters relating to [his] businesses' operations and finances." He asserts that he will be "deemed to have waived the privilege if cross-examination addressed reasons for his and his businesses' financial predicaments." South asks that Plaintiff be prohibited from deposing him unless the U.S. Attorneys' offices and State Attorney Generals' offices in Montana, Washington, and Texas provide him with immunity from prosecution.

South contends that since the subject matter of the deposition is already known, it makes no sense to require him to attend the deposition, invoke the Fifth to specific questions, and then return to court to deal with each specific question to which the Fifth was invoked. It seems to the court there may be certain questions directed exclusively to South's personal wealth (his personal income and personal assets) that would not be protected by the Fifth because they would not be related to any interest he once had or currently has in either Superior or Texas Propane, nor related to how he conducted business at those entities. The court understands the purpose of the deposition is to determine if South has personal wealth which can be executed upon to satisfy the judgment arising from his personal liability for Superior's debt because of his (South's) personal guaranty. The court concludes that it simply must have more information before it can make an intelligent assessment of whether even seemingly innocuous questions intended to ascertain the nature and location of personal assets to satisfy a personal judgment pose a substantial and real risk of incrimination. There is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings. *Capitol Products Corp v. Hernon*, 457 F.2d 541, 542 (8th Cir. 1972). In evaluating a claim of Fifth Amendment privilege, the court must determine, for each question, "from the

**ORDER DENYING MOTION
FOR PROTECTIVE ORDER -            3**

implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486 (1951); see also *Baker v. Limber*, 647 F.2d 912, 919-20 (9th Cir. 1981). Accordingly, the court will require South to attend a Rule 69 deposition at which he reserves the right to invoke the Fifth with regard to specific questions asked of him.

The court is mindful that what has been alleged civilly against South is bank fraud which conceivably could also constitute a criminal offense; that the civil fraud cause of action against South in the captioned action has been dismissed, but without prejudice; that the civil fraud cause of action against Superior in the captioned action remains; and that allegations of fraud by South are at issue in the Montana civil proceedings. While there are no formal criminal proceedings against South currently, nor has any formal public investigation been launched against him, the possibility of such coming to fruition cannot be ignored. It may be that South's personal financial life and his business life are so intertwined that seemingly innocuous questions about the nature and location of personal assets may present a substantial and real risk of incrimination, but the specific questions must be asked and, if Defendant invokes the Fifth, he will need to explain the particular nexus.[1] Plaintiff asserts South "is free to answer non-incriminating questions about his assets and business operations without waiving his right to invoke the Fifth Amendment privilege in response to further incriminating questions." The court observes that while questions about personal assets may not

---

[1] The privilege against self-incrimination protects the person claiming it from being compelled to give "answers that would in themselves support a conviction" or that would furnish a link in the chain of evidence needed to prosecute the claimant" for a crime. *Hoffman*, 341 U.S. at 486.

**ORDER DENYING MOTION  
FOR PROTECTIVE ORDER -         4**

pose any risk of incrimination, questions about "business operations" appear more likely to create a potential for incrimination based on what has been alleged against South in terms of fraud.

In *United States v. Jones*, 703 F.2d 473, 478 (10th Cir. 1983), the Tenth Circuit stated:

> Facilitating the collection of judgments through Rule 69 proceedings serves important interests that should not be defeated by frivolous claims of privilege. At the same time, claims of privilege must be carefully and sympathetically evaluated to determine whether the information sought could be incriminating. The interest in collecting judgments cannot override the interest in protecting legitimate Fifth Amendment claims.

This court agrees and in order to "carefully and sympathetically" evaluate whether particular information sought could be incriminating, it needs to know the specific information that is sought and specifically how it could be incriminating. If the Defendant's arguments were taken to their logical conclusion, his deposition would never be taken while there was any possibility that he could be criminally prosecuted for financial fraud. However, in this case, there is no pending criminal action against him and the parties can only speculate as to whether any such action will be brought hereafter.

The purpose of an FRCP Rule 69 deposition is to locate assets subject to seizure. Absent a substantial showing of how disclosure of assets personally owned and held by Defendant (or held by others on his behalf), together with their location, value and lien status would tend to incriminate the Defendant, the Court concludes that the deposition should go forward.

The foregoing notwithstanding, nothing set forth herein is intended to preclude the proper assertion, where appropriate, of the Defendant's Fifth Amendment rights.

Defendant South's "Motion For Protective Order" (Ct. Rec. 29) is **DENIED**. Plaintiff is allowed to conduct a Rule 69 deposition of South with the

**ORDER DENYING MOTION FOR PROTECTIVE ORDER -** 5

understanding that South reserves the right to invoke the Fifth in response to specific questions asked of him, and Plaintiff reserves the right to ask the court to compel answers if it believes the privilege has not been properly invoked.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this ___1st___ day of December, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Court Judge

**ORDER DENYING MOTION FOR PROTECTIVE ORDER -**     6